119 N.J. Super. 377 (1972)
291 A.2d 841
F.S. DONAHUE, SANTO & CO., F. STEVEN DONAHUE, ANDREW RISSO, GREGORY A. YACULLO, AND RAYMOND G. SEAKEN, PLAINTIFFS-APPELLANTS,
v.
GEORGE F. KUGLER, JR., ATTORNEY GENERAL FOR THE STATE OF NEW JERSEY, JOSEPH F. KRUPSKY, CHIEF OF THE NEW JERSEY BUREAU OF SECURITIES, THE NEW JERSEY BUREAU OF SECURITIES, STEPHEN G. WEISS, SPECIAL CHIEF OF THE NEW JERSEY BUREAU OF SECURITIES, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 30, 1972.
Decided June 8, 1972.
*378 Before Judges CONFORD, MATTHEWS and FRITZ.
Mr. Donald A. Robinson argued the cause for appellants (Messrs. Robinson, Wayne & Greenberg, attorneys; Mr. Nicholas L. Ribis, on the brief).
Mr. Charles R. Parker, Deputy Attorney General, argued the cause for respondents (Mr. George F. Kugler, Jr., Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM.
The Chancery Division held that the Attorney General has authority to designate a person totally unconnected with the Bureau as "Special Chief" of the Bureau of Securities in the Department of Law and Public Safety for the sole and limited purpose of conducting the hearing and deciding the penalty in the matter of alleged violations of the Uniform Securities Law, N.J.S.A. 49:3-47 et seq., by the plaintiffs.
The occasion for the questioned designation was a previous injunction by the same Chancery Division judge against the hearing and determination of the matter by Joseph F. Krupsky, Chief of the Bureau, on the ground of unconstitutional concentration in said Krupsky of the administrative functions of investigator, preliminary finder of fact and quasi-judicial adjudicator of guilt. That decision has not been appealed by the State and of course is not now before us for review.
Preliminarily, the defendant argues that there is no jurisdiction in the Chancery Division to entertain this action as *379 the subject matter thereof, state administrative action, is solely for review by appeal to the Appellate Division. Since the matter has been fully briefed, the case is here, and the issue is of public concern, we go to the merits.
Our close analysis of the statute discloses no evidence of express or implied legislative intent that the Attorney General is empowered to designate any officer having to do with the administration of the statute other than the Bureau Chief himself. Here the designation was not only by the Attorney General, but was of one purported to be authorized to act as ad hoc Bureau Chief for a particular case only. The fact that the Bureau Chief serves at the pleasure of the Attorney General, N.J.S.A. 49:3-66, does not imply a power to supersede him temporarily and empower a stranger to act in his place for a specific case only. (Compare the power of the Bureau Chief to employ officers and employees, N.J.S.A. 49:3-66, and to designate hearing officers, N.J.S.A. 49:3-68(b)). Were it otherwise, and in the context of the occasion for the special designation here, we would be faced with the potential spectacle of a special chief being designated by the Attorney General for every hearing in matters where the Bureau Chief had made the preliminary finding of fact in accordance with N.J.S.A. 49:3-58. We cannot deem such a prospect remotely within legislative contemplation. If the prior adjudication of unconstitutionality ultimately stands, and other expedients are not available through the other provisions of the act cited above or otherwise, legislative revision of the act would obviously be indicated as the appropriate course for provision of administrative sanctions.
In the meantime the agency is not without other recourse against plaintiffs if they are in fact in violation of the act. Any illegal action by them may be enjoined and so may any activity of any nature in furtherance of the securities business. N.J.S.A. 49:3-69(a) and (b). Moreover a receiver may be appointed. Id., (c). Further, willful violation of the *380 act may be prosecuted as a misdemeanor. N.J.S.A. 49:3-70(a). And, finally, pecuniary penalties are recoverable. Id., (b).
Reversed; no costs.